IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br>         Plaintiff, <br><br>         v. <br><br> MACY'S, INC. / MACY'S RETAIL HOLDINGS, INC., <br>         Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION NO. <br><br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Letishia Moore ("Moore"), a qualified individual with a disability, who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that Defendant, Macy's/Macy's Retail Holdings, Inc. ("Defendant" or "Macy's"), violated the ADA by failing to accommodate Ms. Moore's disability-related absence from work and then terminating her because of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2.	The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3.	Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.	At all relevant times, Macy's has continuously been and is now a corporation doing business in the State of Illinois and the City of Chicago, and has continuously had and does now have at least 15 employees.

5.	At all relevant times, Macy's has continuously been and is now an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6.	At all relevant times, Macy's has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.	More than thirty days prior to the institution of this lawsuit, Moore filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant Macy's.

8.	On December 22, 2016, the EEOC found reasonable cause to determine that Macy's violated the ADA by denying Moore a reasonable accommodation and terminating her and invited Macy's to engage with the Commission in informal conciliation efforts to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Macy's to provide Macy's the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. By letter dated June 14, 2017, EEOC informed Macy's that it was unable to secure a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least June 7, 2015, Defendant Macy's has engaged in unlawful employment practices at the Macy's store located at 111 N. State St., Chicago, Illinois, in violation of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5).

13. Moore is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Moore has an impairment, asthma, that substantially limits her in major life activities, including but not limited to breathing, and can be fatal without treatment. Moore also has complications in her right leg, including varicose veins and arthritis, which can become exacerbated by Moore's asthma. Moore also has a record of her impairment, asthma, which she provided to Defendant.

14. Moore had a medical emergency related to her asthma on Sunday, June 7, 2015, for which she sought emergency medical care at a hospital emergency room. Her medical emergency that day prevented her from working her scheduled shift at Macy's.

15. Following her hospitalization, Moore asked Macy's to excuse her absence on June 7, 2015, pursuant to Macy's policy and the ADA, because her absence was caused by her disability.

16. Macy's failed to provide the reasonable accommodation Moore requested or any other accommodation and terminated Moore's employment because of her disability.

17. The effect of the practices complained of above has been to deprive Ms. Moore of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability in violation of the ADA.

18. The unlawful employment practices complained of above were intentional.

19. The unlawful employment practices complained of above were done with malice and with reckless indifference to the federally protected rights of Ms. Moore.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that violates Title I of the ADA;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make Ms. Moore whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Ms. Moore;

D. Order Defendant to make Ms. Moore whole by providing compensation for past and future pecuniary losses;

E. Order Defendant to make Ms. Moore whole by providing compensation for past and future nonpecuniary losses, including but not limited to emotional pain, suffering, loss of enjoyment of life and humiliation;

F.	Order Defendant to pay Ms. Moore punitive damages for its intentional, malicious, and/or reckless conduct in amounts to be determined at trial;

G.	Grant such further relief as the Court deems necessary and proper in the public interest; and

H.	Grant the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

James Lee
Deputy General Counsel

Jerome Scanlan
Associate General Counsel

Equal Employment Opportunity Commission
131 M St. NE
Washington, DC 20507

s/ Gregory M. Gochanour
Greg Gochanour
Regional Attorney

s/ Diane I. Smason
Diane Smason
Supervisory Trial Attorney

s/ Bradley S. Fiorito
Brad Fiorito
Trial Attorney

Equal Employment Opportunity Commission
Chicago District Office
500 W. Madison St.
Suite 2000
Chicago, IL 60661
312-869-8109